# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

CASS DANIEL MOQUETT,  )
                      )
       Plaintiff,     )
                      )
v.                    )    Case No. CIV-14-531-RAW
                      )
THE TOWN OF ROCK ISLAND; )
BRIAN SIMPSON,        )
                      )
       Defendants.    )

## ORDER

Before the court is the motion of the defendants to dismiss. Plaintiff filed his complaint on December 5, 2014. Defendants filed a motion to dismiss on February 24, 2015. On the next day, the court entered an order stating that plaintiff could file an amended complaint contemporaneous with its response to the motion. Plaintiff did so, filing an amended complaint on March 13, 2015. Defendants then filed a motion to dismiss directed at the amended complaint.[1]

The amended complaint alleges that on or about January 10, 2014, plaintiff went to a bar in Rock Island, Oklahoma, to give a friend a ride home. As the evening progressed, plaintiff engaged in conversation at a convenience store with Brian Haynes. They were approached by defendant Simpson, a Rock Island police officer. Simpson determined that Haynes was a convicted felon who had violated his probation by patronizing a bar. Simpson

---

[1]An amended complaint supersedes an original complaint and renders the original complaint without legal effect. *Mink v. Suthers,* 482 F.3d 1244, 1254 (10th Cir.2007). Therefore, the original motion to dismiss (#11) is deemed moot, although the court considers its content and attachments to the extent these also relate to the amended complaint.

placed Haynes under arrest. He did not place plaintiff under arrest, but directed him not to leave the scene.

Plaintiff nevertheless did leave the scene in his vehicle. Simpson followed until plaintiff pulled over and exited his vehicle. Simpson twice in succession used his taser on plaintiff. In the amended complaint, plaintiff alleges claims of (1) excessive use of force against Simpson; (2) municipal liability against the Town of Rock Island; (3) negligent training and supervision against Rock Island; (4) false arrest against Simpson, and (5) negligence against both defendants.

Initially, defendants argue that the fifth claim of negligence should be stricken because it did not appear in the original complaint. Defendants contend the court did not grant leave to add additional claims. This is correct, but the court agrees with plaintiff that Rule 15(a)(1)(B) F.R.Cv.P. permits the filing of an amended complaint as a matter of course within 21 days after service of a Rule 12(b) motion. The amended complaint was filed within this time period. Therefore, the additional negligence claim will not be stricken.

In considering a motion pursuant to Rule 12(b)(6), the court accepts all well-pleaded factual allegations as true and views them in the light most favorable to the plaintiff as the nonmoving party. *S.E.C. v. Shields,* 744 F.3d 633, 640 (10th Cir.2014). All that is required is "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v.*

*Iqbal,* 556 U.S. 662, 678 (2009)(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Shields,* 744 F.3d at 640.

Defendant Simpson seeks dismissal of the first claim on the grounds that (1) plaintiff has insufficiently alleged excessive force and (2) Simpson is entitled to qualified immunity.[2] A district court evaluating an excessive force claim must first isolate the precise constitutional violation with which the defendant is charged because the choice of amendment matters. *Estate of Booker v. Gomez,* 745 F.3d 405, 419 (10th Cir.2014). Any force leading up to and including an arrest may be actionable under the Fourth Amendment's prohibition against unreasonable seizures. *Id.* Thus, it is the Fourth Amendment which is applicable here. An excessive force claim brought under the Fourth Amendment depends on the objective reasonableness of the defendant's actions. *Id.*

Under the applicable standard, the question is whether the officer's actions are objectively reasonable in light of the facts and circumstances confronting him without regard to his underlying intent or motivation. *Morris v. Noe,* 672 F.3d 1185, 1195 (10th Cir.2012). In determining whether the use of force is reasonable in a particular situation, the court considers (1) the severity of the crime at issue, (2) whether the suspect poses an immediate

---

[2] Qualified immunity applies only when government defendants are sued in their individual capacities, as Simpson is here. *See Fisher Sand & Gravel Co. v. Giron,* 465 Fed.Appx. 774, 778-79 (10th Cir.2012).

3

threat to the safety of the officer and others, and (3) whether the suspect is actively resisting arrest or evading arrest by flight. *Henry v. Storey,* 658 F.3d 1235, 1239 (10th Cir.2011).

A plaintiff may only recover on an excessive force claim if he shows (1) that the officer used greater force than would have been reasonably necessary to effect a lawful seizure, and (2) some actual injury caused by the unreasonable seizure that is not *de minimis*, be it physical or emotional. *Aldaba v. Pickens,* 777 F.3d 1148, 1161 n.3 (10th Cir.2015).[3] "Because the reasonableness inquiry overlaps with the qualified immunity analysis, a qualified immunity defense [is] of less value when raised in defense of an excessive force claim." *Olsen v. Layton Hills Mall,* 312 F.3d 1304, 1314 (10th Cir.2002).

Once the qualified immunity defense is asserted, the plaintiff bears a heavy two-part burden to show, first, the defendant's actions violated a constitutional or statutory right and, second, that the right was clearly established at the time of the conduct at issue. *Thomas v. Kaven,* 765 F.3d 1183, 1194 (10th Cir.2014). Simpson argues that the allegations are insufficient as to both prongs. Although qualified immunity defenses are typically resolved at the summary judgment stage, district courts may grant motions to dismiss on the basis of qualified immunity; such a motion, however, subjects the defendant to a more challenging standard of review. *Id*. At the motion to dismiss stage, it is the defendant's conduct *as alleged in the complaint* that is scrutinized for "objective legal reasonableness." *Id*.

---

[3] Plaintiff alleges that "[t]he tasing caused severe pain to such an extent the Plaintiff defecated." (Amended Complaint, ¶16). This is a sufficient allegation of injury for purposes of the present motion.

Under that standard, the court denies the motion. In *Cavanaugh v. Woods Cross City,* 625 F.3d 661, 667 (10th Cir.2010), the court held it was clearly established that a police officer "could not use his Taser on a nonviolent misdemeanant who did not pose a threat and was not resisting or evading arrest without first giving a warning." *See also Casey v. City of Federal Heights,* 509 F.3d 1278, 1285 (10th Cir.2007)("The absence of any warning – or of facts making clear that no warning was necessary – makes the circumstances of this case especially troubling"). "Under prevailing Tenth Circuit authority, 'it is excessive to use a taser to control a target without having any reason to believe that a lesser amount of force – or a verbal command – could not exact compliance.'" *Estate of Booker v. Gomez,* 745 F.3d 405, 424 (10th Cir.2014)(quoting *Casey,* 509 F.3d at 1286). It is alleged that Simpson used the taser on plaintiff <u>twice</u> and failed to give any warning. (Amended Complaint, ¶15).

Simpson argues that plaintiff was in fact fleeing, as evidenced by driving off in his car. At that time, however, plaintiff was not under arrest and had not been threatened with arrest. Simpson had simply instructed him not to leave the scene.[4] The factor articulated in *Graham v. Connor,* 490 U.S. 386, 396 (1989) is not "fleeing" but "evading arrest by flight." Simpson provides documentation (of which he asks the court to take judicial notice) that plaintiff pled *nolo contendere* to a charge of eluding a police officer, in violation of 21 O.S.

---

[4]Simpson has not argued that disobeying a police officer is itself a criminal violation under Oklahoma law. Under the standard appropriate to a Rule 12(b)(6) motion, the court has not made its own inquiry. Simpson has cited 21 O.S. §540, which describes a misdemeanor offense for delaying or obstructing a police officer. Simpson did not arrest the plaintiff for this offense, unlike the officer (based on different actions) in *Koch v. City of Del City,* 660 F.3d 1228 (10th Cir.2011), and it is a matter of speculation whether that statute encompasses plaintiff's conduct.

5

§540A.[5] The court does take judicial notice of the documents, but does not share Simpson's conclusion. The offense as described in §540A(A) involves one who fails to stop one's vehicle after receiving "a visual and audible signal" (i.e., red light and siren) from a police officer, but instead willfully increases the speed or extinguishes the lights of the vehicle in an attempt to elude the officer. In other words, the offense can only take place when two vehicles are involved and certain specified conduct takes place. The act of a citizen on foot getting in his car and driving off after an officer has directed him to stay, without more, is not "evading arrest by flight" or "actively resisting arrest." The court finds the third *Graham* factor described above weighs slightly in plaintiff's favor.

As to the first factor, Simpson contends that the severity of the crime is great. The court disagrees. Violation of §540A(A) is a misdemeanor under Oklahoma law. Had plaintiff been charged with violation of §540A(B), a different situation would present itself, under both the first and second (i.e., immediate threat to safety of others) *Graham* factors. Violation of the latter subsection constitutes a felony, and involves a violation of subsection A "in such manner as to endanger any other person." The court documents accompanying Simpson's original motion make plain (from the "range of punishment" section) that it was §540A(A) with which plaintiff was charged. *See* #11, Ex. 5.[6]

---

[5] Although a court generally must convert a motion to dismiss to one for summary judgment when the court considers matters outside the pleadings, a court need not do so if it takes judicial notice of facts which are a matter of public record. *Rose v. Utah State Bar,* 471 Fed. Appx. 818, 820 (10th Cir.2012).

[6] Simpson asks the court to employ a categorical approach, citing a statement from *United States v. McConnell,* 605 F.3d 822 (10th Cir.2010). That case deals with the United States Sentencing Guidelines and is inapposite.

Finally, the motion suggests that plaintiff leaving the scene would permit a reasonable officer to suspect the plaintiff of attempting to avoid arrest related to his intoxication. This is speculation, upon which the court need not rely if a factual record is made through discovery. That is to say, Officer Simpson may testify for himself what he saw and what he reasonably inferred. "[T]he reasonableness inquiry in an excessive-force case is fact-specific." *King v. Hill,* 2015 WL 3875551, *6 (10th Cir.2015). The present record contains insufficient facts to find qualified immunity applicable. For the reasons stated, plaintiff's amended complaint survives the Rule 12(b)(6) motion.[7] Defendant Simpson may renew his argument at a later time. "[T]he denial of qualified immunity at the motion to dismiss stage does not bind the court at the summary judgment stage." *Stoneciper v. Valles,* 759 F.3d 1134, 1148 n.9 (10th Cir.2014).

Plaintiff's second claim alleges municipal liability on the part of Rock Island. The amended complaint alleges that "Rock Island had a policy or engaged in a pattern and practice of conduct that led to the violations of the Plaintiff's civil rights." (¶40). Additionally, "prior incidents of the use of excessive force evidence a pattern and practice of unlawful conduct. Further, Simpson's widespread use of the unlawful and the excessive use of force constituted the policy of Rock Island." (¶41). Moreover, "[p]rior to the incident with the Plaintiff in January, there was evidence of prior incidents where Simpson engaged

---

[7] To cite another example, the original motion to dismiss states that Simpson "tased" plaintiff twice in the back after plaintiff exited his vehicle *and was running away.* (#11 at 8). The amended complaint, by contrast, states that plaintiff "did not resist arrest nor did attempt to flee." [sic] (¶14). For purposes of a Rule 12(b)(6) motion, the allegations in the Amended Complaint control.

7

in the excessive use of force in violation of the Fourth Amendment, with those incidents being made known to the [town of] Rock Island." (¶17).

Specifically, ¶18 alleges a prior incident of excessive force against another individual. In ¶19-20, it is alleged that the incident was made known to members of "the governing body" of Rock Island. In ¶21, it is alleged that the town took no corrective action against Simpson despite its knowledge. Another incident of excessive force by Simpson is alleged in ¶¶24-25 as well as knowledge on the part of Rock Island. Still another incident of excessive force by Simpson is alleged in ¶¶26-27. Plaintiff alleges in ¶32 that "[n]o action was taken against Simpson for his prior unlawful use of force nor were any steps taken to prevent Simpson's unlawful conduct from occurring in the future."[8]

To establish a claim for damages under §1983 against municipal entities or local governmental bodies, the plaintiff must prove (1) the entity executed a policy or custom (2) that caused the plaintiff to suffer deprivation of a constitutional or other federal rights. *Moss v. Kopp,* 559 F.3d 1155, 1168 (10th Cir.2009). The court finds plaintiff's allegations sufficient to survive a Rule 12(b)(6) motion.

To merely state that a municipality has a policy or custom is not enough; a plaintiff must allege facts demonstrating the municipality's policy, such as examples of past situations where law enforcement officials have violated constitutional rights." *Jackson v. City of*

---

[8] This appears to be inconsistent with the allegation in ¶30 that "[t]he Plaintiff believes Simpson was fired for this incident by his supervisor the then chief of police." This is a matter to be addressed in discovery and perhaps by motion for summary judgment. It is alleged in ¶31 that shortly thereafter Simpson was reinstated as an employee of Rock Island and was made chief of police.

*Highland Park,* 2015 WL 3409013, *5 (E.D.Mich.2015). An individual plaintiff can provide fair notice by *inter alia* describing (1) past incidents of misconduct by the defendant to others; (2) multiple harms that occurred to the plaintiff himself; (3) the involvement of multiple officials in the misconduct; or (4) the specific topic of the challenged policy. *Carter v. Diamons URS Huntsville, LLC,* 2015 WL 3629793 (S.D.Tex.2015). Plaintiff has done so. The inference that a policy existed may be drawn from [allegations] that the municipality had notice of but repeatedly failed to make any meaningful investigation into charges that police officers had used excessive force. *Poventud v. City of New York,* 2015 WL 1062186, *13 (S.D.N.Y.2015).

Plaintiff alleges that Simpson's widespread use of excessive force <u>constitutes</u> the Rock Island policy, but this is not strictly correct in that §1983 rejects the tort principle of *respondeat superior* and does not subject such entities to vicarious liability for the acts of their employees. *Shue v. Laramie County Detention Center,* 594 Fed.Appx. 941, 944 (10th Cir.2014). A plaintiff alleging that he has been injured by the actions of a municipal employee can establish municipal liability by showing that a policymaking official ordered or ratified the employee's actions – either expressly or tacitly. In other words, a "policy of inaction" may exist. *See Jones v. Town of East Haven,* 691 F.3d 72, 81 (2d Cir.2012).

Plaintiff's third claim is also against Rock Island under §1983 for negligent training and supervision. The Amended Complaint alleges that "Rock Island was negligent in its training and supervision of Simpson and other employees as it relates [to] the treatment of

9

the Plaintiff." (¶45). Further, "said negligence amounted to deliberate indifference in that there had been other instances of the use of excessive force." (¶46).

One of the bases for establishing a policy for purposes of §1983 liability is the failure to adequately train or supervise employees, so long as that failure results from "deliberate indifference" to the injuries that may be caused. *Bryson v. City of Oklahoma City,* 627 F.3d 784, 788 (10th Cir.2010). Generally, this requires showing the municipality has actual or constructive notice that its action or failure to act is substantially certain to result in a constitutional violation, and it consciously or deliberately chooses to disregard the risk of harm. Notice can be established in most instances by proving the existence of a pattern of tortious conduct. In a narrow range of circumstances, it may be found if a violation of federal rights is a highly predictable or plainly obvious consequence of a municipality's action or inaction, such as when a municipality fails to train an employee in specific skills needed to handle recurring situations. *Id.* at 789. Again, the court finds the allegations sufficient to state a claim.[9]

Count IV alleges false arrest on the part of Simpson. The constitutional right at issue is the Fourth Amendment right to be free from unreasonable seizures. *Cummisky v. Mines,* 248 Fed.Appx. 962, 965 (10th Cir.2007). Stating a false arrest claim under the Fourth Amendment requires the plaintiff to plausibly allege that the arrest was not supported by

---

[9]Even after *Twombly*, the Tenth Circuit has described dismissal under Rule 12(b)(6) as "a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice." *Dias v. City & Cnty. of Denver,* 567 F.3d 1169, 1178 (10th Cir.2009).

probable cause. *Wesley v. Campbell,* 779 F.3d 421, 429 (6th Cir.2015). Plaintiff alleges he was arrested on "baseless charges." (¶49). The court finds this a sufficient allegation to survive a Rule 12(b)(6) motion, absent other considerations. The court has taken judicial notice of the court documents provided, but plaintiff has pointed out some ambiguity as to the documents regarding CM 2014-643. Plaintiff asserts he bases his claim for false arrest on those charges, not CM 2014-36 (eluding a police officer). *See* #16 at 4. Out of an abundance of caution, given the posture of this case, the court will allow Count IV to proceed as well.

It is the order of the court that the motion to dismiss (#21) is denied. The earlier motion to dismiss (#11) is moot.

**ORDERED THIS 29th DAY OF JUNE, 2015.**

**Dated this 29th day of June, 2015.**

Ronald A. White
United States District Judge
Eastern District of Oklahoma

11